**O**
**JS-6**

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI RUSH, | Case No. 2:12-cv-4139-ODW(DTBx) |
| Plaintiff, | **ORDER SEVERING AND DISMISSING DEFENDANTS** |
| v. | |
| TOYS 'R' US – DELAWARE, INC. et al., | |
| Defendants. | |

Upon review of Plaintiff Sandi Rush's Complaint, the Court finds that the various Defendants are improperly joined. Accordingly, under Federal Rule of Civil Procedure 21, the Court sua sponte severs and dismisses the improperly joined Defendants.

Plaintiff alleges violations of the Americans with Disabilities Act (and related California statutes) against four Defendants commonly located at a shopping center in Foothill Ranch, California. (Compl. ¶ 1.) All of these violations involve physical or intangible barriers that hinder access to or at the Defendants' facilities. (Compl. ¶ 14.) Many of the alleged barriers relate to the architectural and interior design of restroom

facilities.  (*E.g.*, Compl. ¶ 15.)  But Plaintiff pleads no relationship between the Defendants other than the fact they are all located in the same shopping center.[1]

> A plaintiff may join defendants in one action if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2)(A–B).  Courts generally take a generous view on Rule 20 and encourage the joinder of parties to promote "the broadest possible scope of action consistent with fairness to the parties."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  Nevertheless, joinder still must be proper.  And if the test for permissive joinder is not satisfied, a court in its discretion may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance.  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  Then after severance, the court can generally dismiss all but the first named plaintiff without prejudice.  *Id.*; Fed R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

In this case, Plaintiff seeks redress for physical or intangible barriers that hinder access to or at the Defendants' facilities.  And while the various Defendants are located in a common shopping center, these Defendants have nothing in common.  It cannot be said that the Defendants have embarked on a collaborative mission to place toilet-paper dispensers a little too high, or to make bathroom stalls a bit too narrow.  Each ADA violation was committed (or omitted) independently by each Defendant.  Likewise, it is implausible that the Defendants jointly discriminated against Plaintiff for her disability.

---

[1] Although not pleaded, the Court notes that Defendant Foothill Ranch, LLC is likely the landlord of the shopping center and has a landlord-tenant relationship with each of the other Defendants.

Plaintiff cannot assert that the violations by the various Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, simply because Plaintiff happened to visit each of the Defendant's facilities at the same mall, on the same day.  Whether Plaintiff discovered or was affected by the various ADA violations in two adjacent stores matters not.  Whether Plaintiff visited these two adjacent stores minutes apart also matters not.

Finally, Plaintiff might also argue that the Defendants should all be joined in one lawsuit because they each rent a facility from a common landlord, Foothill Ranch, LLC.  Plaintiff may also speculate that it is the landlord who manages and maintains the Defendants' restroom facilities and other common areas.  But in this case, Plaintiff reaches too far.  For example, if Plaintiff believes that Toys R Us – Delaware, Inc. violated the ADA by having certain physical barriers in its rented facility, then Plaintiff may join the landlord (Foothill Ranch, LLC) in the lawsuit by alleging that the landlord is jointly responsible for those physical barriers.  But Plaintiff cannot then join other Defendants just because they each rent their facility also from Foothill Ranch, LLC.

In sum, the Court finds no evidence supporting Plaintiff's contention that the alleged violations by the various Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences.  Based on this finding, the Court finds it unnecessary to opine on whether there are common questions of law or fact among the Defendants.  And since these transactions are entirely separate, the Court cannot conceive of any prejudice to either Defendants or Plaintiff by severing the Defendants.

/ / /
/ / /
/ / /
/ / /
/ / /

Therefore, the Court hereby **SEVERS** all Defendants except the first named Defendant, Toys 'R' US – Delaware, Inc.  These severed Defendants are **DISMISSED WITHOUT PREJUDICE**.  Should Plaintiff desire to refile her case against the dismissed Defendants in this district, she must file the cases separately; and for each one, file a notice of related cases under L.R. 83-1.3.

**IT IS SO ORDERED.**

October 9, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**