O

# United States District Court
# Central District of California

| | |
|---|---|
| SANDI RUSH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TOYS 'R' US – DELAWARE, INC., et al.,<br><br>　　　　Defendants. | Case No. 2:12-cv-04139-ODW-DTB<br><br>**ORDER TO FILE AMENDED COMPLAINT** |

## I.  INTRODUCTION

In light of the Opinion issued by the Ninth Circuit Court of Appeals on March 3, 2015, and as discussed below, the Court **ORDERS** Plaintiff to file an Amended Complaint no later than **July 10, 2015**, pursuant to Federal Rule of Civil Procedure 15.

## II.  PROCEDURAL HISTORY

On May 14, 2012, Plaintiff filed a Complaint naming Defendants Toys 'R' Us – Delaware, Inc., Petsmart, Inc., Sport Chalet, Inc., and Foothill Ranch, LLC. (ECF No. 1.)  In the Complaint, Plaintiff alleged causes of action under the Americans with Disabilities Act, the California Disabled Persons Act, the California Unruh Civil Rights Act, and the California Health and Safety Code.  (*Id.*)  Defendants Sport Chalet

and Foothill Ranch filed Answers to the Complaint. (ECF Nos. 8, 15.) Plaintiff and Defendant Toys 'R' Us reached settlement, and on October 3, 2012, Plaintiff filed a Notice of Dismissal as to Defendant Toys 'R' Us. (ECF Nos. 18, 22.)

On October 9, 2012, the Court issued an Order *sua sponte*, finding misjoinder of Defendants Petsmart, Sport Chalet, and Foothill Ranch. (ECF No. 23.) The Court severed and dismissed the misjoined Defendants from the action. (*Id.*) Plaintiff moved for reconsideration on November 6, and on November 7, the Court denied Plaintiff's motion. (ECF Nos. 24, 25.)

On December 7, 2012, Plaintiff appealed to the Ninth Circuit Court of Appeals. (ECF No. 26.) Following briefing and oral argument from Plaintiff and Defendant Foothill Ranch, on March 3, 2015, the Ninth Circuit issued an Opinion reversing and remanding the case with instructions. (ECF No. 30.) The Ninth Circuit reversed as to Defendant Foothill Ranch, finding that Defendant Foothill Ranch was properly joined due to the likely landlord-tenant relationship. (*Id.* at 5.) The Ninth Circuit then vacated the dismissal as to the other Defendants because, although Sport Chalet and Petsmart *may* have been misjoined, the Court should have conducted a prejudice analysis prior to dismissing the severed defendants. (*Id.* at 5–6.) The Ninth Circuit adopted the rule that a district court must conduct a prejudice analysis, prior to ordering dismissal rather than severance alone, when statutes of limitations may bar a plaintiff from refiling a new suit. (*Id.* at 6.) The Ninth Circuit then remanded to allow the Court to conduct such analysis. (*Id.*) The judgment of the Ninth Circuit took effect on March 30, 2015. (ECF No. 31.) The case is now reopened as to Defendant Foothill Ranch.

### III. AMENDED COMPLAINT

In light of the Ninth Circuit decision and Mandate issued in this case, the Plaintiff shall file an Amended Complaint no later than July 10, 2015, pursuant to Federal Rule of Civil Procedure 15. The Amended Complaint should name all remaining defendants, including those previously severed and dismissed, that Plaintiff

believes should properly be joined.  Plaintiff is also advised to include the date of transaction or occurrence, or dates of transactions or occurrences, giving rise to the allegations.  An appropriately pleaded Amended Complaint as to the severed and dismissed defendants may relate back to the date of filing of the original Complaint, pursuant to Federal Rule of Civil Procedure 15.

Defendants shall answer or otherwise respond to the Amended Complaint in accordance with Federal Rule of Civil Procedure 15(a)(3).  If a Defendant believes Plaintiff's Amended Complaint creates misjoinder, the Defendant may file an appropriate motion.  Any such motion should be consistent with the rule adopted by the Ninth Circuit in its March 3, 2015, Opinion.

**IT IS SO ORDERED.**

June 26, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**